# CASES REPORTED WITH BRIEF SYLLABI

## AND

# DECISIONS HANDED DOWN WITHOUT

# OPINION

---

SECOND DEPARTMENT, NOVEMBER, 1922.

JOHN S. REID, as Administrator, etc., of MARY REID, Deceased, Respondent, *v.* WESTCHESTER LIGHTING COMPANY, Appellant, Impleaded with JOHN MCNAMARA, Defendant.

*Gas and electricity — negligence — action to recover for death caused by illuminating gas escaping into dwelling — leak in service pipe — pipe property of owner of premises — use of gas in house discontinued — service pipe capped — gas not shut off at main in street or at curb — no notice to gas company of any defect in pipe.*

Appeal by the defendant, Westchester Lighting Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 18th day of November, 1921, upon the verdict of a jury for $4,500, and also from an order entered in said clerk's office on the same day denying said defendant's motion for a new trial made upon the minutes.

Judgment and order affirmed, with costs. No opinion. Blackmar, P. J., Rich, Manning and Kelby, JJ., concur; Kelly, J., dissents and reads for reversal.

KELLY, J. (dissenting): I dissent. The leak in the gas pipe was underneath the ground floor of the premises occupied by plaintiff's intestate. The pipe at that point had been installed by and was the property of the owner of the house. Some fifteen years prior to the accident the use of gas in the premises was discontinued, the meter was removed and the pipe capped by defendant at a point where it came up through the floor. There is no suggestion that it was not properly capped, and the leak was not at the point of capping. The gas was not shut off at the main in the street or at the curb. The connection with defendant's gas main was kept up with the acquiescence of the property owner. Under the law the defendant could be compelled to furnish the gas to the occupant of the premises at any time, and the evidence is that it was not customary to shut off the supply from the main to the house except in cases of fire, removal of the building or other emergency. There is no evidence of any notice to the gas company of leak or defect in the pipes in the house. Apparently they were safe for fifteen years prior to the accident. There was no leak or defect in the defendant's main or in the service pipe connecting with the house. In the case of *Schmeer* v. *Gas Light Co.* (147 N. Y. 529) the defendant's negligence in the initial turning on of the gas in premises without proper inspection was held to be a question for the jury. In the case at bar the gas had been in the pipes installed by the owner within his

house for fifteen years before the accident.   Judge Peckham said in the *Schmeer Case* (*supra*, 540): " Nor do we assume to say that when once the piping in cases similar to this has been fairly and properly examined previous to turning on the gas (if such examination by defendant's servants is called for at all), that thereafter there is a continuing liability on the part of the company to see to it that such piping is kept in proper condition.   As the company has no control over the piping, does not put it in and is not consulted about it, the principle upon which it might be held liable in cases of this character at the time of the first delivery of gas, if no precaution were taken at all, is simply that it would have the right to refuse to turn on, or permit others to turn on, the gas for the supply of the applicants until . properly assured of the condition of the piping in other portions of the building. Having become assured of it, and the gas being on, it would not seem that the company ought further to be regarded as liable for the continuous good condition of the piping.   Here we may justly say that to impose such a liability upon the defendant would clearly be unreasonable.   It would render necessary the examination at frequent intervals of all the buildings in the city in which gas was used. This would be so onerous as to be practically impossible of execution because of the expense to the company.   The law ought not to, and does not, exact an unreasonable amount of care from any one."   In the case at bar, in the absence of notice to the gas company of any defect in the pipe within the house, I cannot agree that defendant was liable.